NORTH CAROLINA
COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. 13-CVD-15157

**Assigned Judge: DENNING**

PATRICK JOSEPH CAMPBELL,
   Plaintiff,

v.

VIRGINIA QUINN CAMPBELL,
   Defendant.

**ORDER APPOINTING
PARENTING COORDINATOR
☐ CONSENT**

This matter comes before the undersigned Judge of the District Court pursuant to N.C.G.S. §§50-90 through 50-100 to appoint a Parenting Coordinator. The Court, having reviewed the file and considered the premises FINDS AND ORDERS as follows:

1. **Existing Order(s).**

    A. The parties are currently operating under the following custody/visitation order:

    Amended Temporary Child Custody Order entered 3/15/2019;

    10/2/2017 Order Reunification

    10/28/2016 Amended Order Reunification Therapy & Incorporated Therapeutic Guidelines

    The child/ren involved in this proceeding are:
    Thomas Campbell, age 12, born 9/21/2006
    Caroline Campbell, age 12, born 9/21/2006

    B. A Protective Order ☐ has ☐ has not been entered between these parties. This Protective Order, _____ County Case No PO _____-_____ is modified to allow limited contact for the purposes of parenting coordination, provided the following limits apply: _____. Pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, the Court will enter an amended order to accomplish this modification in the above-referenced file.

2. **Jurisdiction.**

    A.. This Court has jurisdiction over child custody and parenting time issues pursuant to NC Gen. Stat. Ch. 50A et seq.

    B. The action is a high-conflict case, the appointment of a Parenting Coordinator is in the best interest of the child/ren, and the parties are able to pay for the cost of the Parenting Coordinator.

3. **Parenting Coordinator.**

    Katherine Frye, or his/her successor, is appointed as a Parenting Coordinator. The parties shall cooperate with the Parenting Coordinator and abide by the terms specified in this Order. The parties shall comply with the Parenting Coordinator's decisions over issues for which the Parenting Coordinator has authority. Willful failure to follow a Parenting Coordinator's decision, so long as the decision is concerning an issue for which the Parenting Coordinator has authority, is punishable as contempt of Court.

4. **Term/Succession.**

   The term of the Parenting Coordinator's service shall be for a period of 2 years from the date of this Order. If a party files a motion at the request of the Parenting Coordinator pursuant to N.C.G.S. §50-99 to terminate the appointment of the Parenting Coordinator prior to the expiration of his/her appointment, the motion and notice of hearing shall be timely served upon all parties and the Parenting Coordinator. Until such time as a hearing has been held or the motion resolved by agreement of the parties and the Parenting Coordinator, the order appointing the Parenting Coordinator remains in full force and effect.

5. **Role of the Parenting Coordinator.**

   The Parenting Coordinator shall:
   - Assist parents in implementing the custody/visitation order on an ongoing basis;
   - Reduce conflict between the parties;
   - Facilitate each parent's relationship with the minor children;
   - Provide attorneys and the parties a written summary of the developments in the case following each meeting with the parties, and provide attorneys and the parties copies of all other written communication; and
   - The Parenting Coordinator must maintain notes or records of each meeting.

6. **Authority of the Parenting Coordinator:**

   A. <u>General Authority</u>: The authority of a Parenting Coordinator shall be as delineated herein and shall be limited to matters that will aid the parties:
   (1) Identify disputed issues.
   (2) Reduce misunderstandings.
   (3) Clarify priorities.
   (4) Explore possibilities for compromise.
   (5) Develop methods of collaboration in parenting.
   (6) Comply with the court's order of custody, visitation, or guardianship.

   B. <u>Areas of Domain of General Authority</u>: If a dispute arises concerning one of the following checked areas, the Parenting Coordinator has the authority to make minor changes to the custody/visitation order or to make decisions to resolve a dispute if the issue was not addressed in the custody/visitation order:
   (1) ☒ Transition time/pickup/delivery
   (2) ☒ Sharing of vacations and holidays
   (3) ☒ Method of pick up and delivery
   (4) ☒ Transportation to and from visitation
   (5) ☒ Participation in child care/daycare and baby sitting
   (6) ☒ Bed time
   (7) ☒ Diet
   (8) ☒ Clothing
   (9) ☒ Recreation
   (10) ☒ Before and after school activities
   (11) ☒ Extracurricular activities
   (12) ☒ Discipline
   (13) ☒ Health Care Management

(14) ☒ Alterations in schedule which do not substantially alter the basic time share agreement
(15) ☒ Participation in visitation (significant other, relatives, etc.)
(16) ☒ Telephone contact
(17) ☒ Alterations to appearance (e.g., tattoos, piercings)
(18) ☐ Child/ren's passports
(19) ☒ Other, as specified: any additional issues identified by parties or the PC

C. Specific Authority: In order to carry out the general authority granted to the Parenting Coordinator, the following specific issues are in dispute and are submitted to the Parenting Coordinator for decision:

(1) Selection of psychiatrist for Tom

(2) Authority to implement recommendations of healthcare and/or mental health providers

(3) Establishing a communication protocol between the parties on OFW & 3rd parties (i.e. school, health and mental health providers)

(4) Management of children's mental health

(5) Transfer of mental health and medical records from one provider to another consistent with 2nd Amended Temporary Custody Order

(6) Parenting Coordinator shall give Tom's new psychiatrist a copy of the 2nd Amended Temporary Custody Order and Therapeutic Reunification Order and coordinate with the psychiatrist to discuss this case. If any further records need to be released concerning Tom, PC must get authority from the Court to have said records released. Parenting Coordinator shall communicate with Plaintiff and Defendant's respective attorneys what records are needed before communicating with the Court regarding the release of the mental health records. Parenting Coordinator shall email the Court for permission to release the mental health records and the Court shall make a decision.

(7) Dr. Sortisio has declined to be the family therapist. Any authority designated to Dr. Sortisio in the 2nd Amended Temporary Child Custody Order shall be transferred to the Parenting Coordinator that is not precluded ethically and/or professionally specifically counseling, therapy and mental health issues.

7. **Role of Parenting Coordinator.**

A. Decisions: The Parenting Coordinator shall decide any issue as set forth in paragraph 6 within the scope of his/her authority by any appropriate dispute-resolution method. During this process, the Parenting Coordinator may coach and educate the parents about ways to better communicate about the child/ren and about child development issues.

B. Recommendations: Pursuant to N.C.G.S. §50-97, the Parenting Coordinator shall promptly provide written notification to the court, the parties, and attorneys for the parties if the Parenting Coordinator determines that either the existing custody order is not in the best interests of the child/ren or that the Parenting Coordinator is not qualified to address or resolve certain issues in the case. Along with submission of the notification, the Parenting Coordinator shall schedule the matter for hearing with Family Court. This notification may include the following:

(1) A recommendation that it is in the best interests of the child/ren for the parents to participate in any of the following interventions:

- * Therapy, recognizing that couples counseling is not appropriate in cases involving domestic violence;
- * Treatment programs, including batterer's intervention courses;
- * Mediation;
- * Custody/parenting time evaluation;
- * Programs for high conflict parents, anger management, etc.; and
- * Interventions for minor child/ren including the appointment of an attorney or therapy.

  (2) A recommendation that it is in the best interests of the child/ren to change the Parenting Coordinator's decision-making power to better accommodate the needs of the parties or their children.

  C. <u>Resolutions</u>: The primary role of the Parenting Coordinator is to assist the parties in working out disagreements about the child/ren in a way that minimizes conflict. If the parties agree to any fundamental change in the child custody order, the Parenting Coordinator shall send the agreement to the parties' attorneys for preparation of a consent order.

8. **Appointments with the Parenting Coordinator.**

   A. The Parenting Coordinator may set a time and place for a brief informational meeting.

   B. Future appointments with the Parent Coordinator may be scheduled at the request of either parent by telephone or in person with no written notice required. Each parent shall make a good faith effort to be available for appointments when requested by the other parent or the Parenting Coordinator.

   C. The Parenting Coordinator shall notify the Court, with copies to the parties or their attorneys, if either party refuses to cooperate.

   D. The parent shall provide all records, documentation and information requested by the Parenting Coordinator within fifteen (15) calendar days of the request. The Parenting Coordinator may not request materials subject to attorney/client privilege, and may not require the release of documents protected by law except upon proper consent and release by the parties or by Order of the Court.

9. **Communication.**

   A. The parties and their attorneys, if they are represented, may communicate with the Parenting Coordinator ex parte (without the other parent present). This applies to oral communications and any written documentation or communication submitted to the Parenting Coordinator.

   B. The Parenting Coordinator may communicate ex parte with the parents and their attorneys, and other professionals involved in the case. This applies to both written and oral communications. The Parenting Coordinator may talk with each parent without the presence of either counsel.

   C. The Parenting Coordinator shall not communicate ex parte wit the Judge assigned to the case.

   D. The Parenting Coordinator may request instructions from the Court, either in a Court hearing on this case or in writing directed to the Court, with notice to all parties and attorneys.

   E. Any party involved in any legal action that affects this Order shall notify the Parenting Coordinator.

10. **Confidentiality.**

    A. There is no confidentiality concerning communications between the parents and the Parenting Coordinator. As required by the Court, the Parenting Coordinator may communicate with custody evaluators, therapists or other individuals investigating the issues. The Parenting Coordinator shall comply with the law to report child abuse, and threats of abuse against another person. In cases involving domestic violence, the Parenting Coordinator and legal counsel (or the parents themselves,

if not represented) shall address to the Court any safety concerns, subject to the prohibition against ex parte communication.

B. Each party must allow the Parenting Coordinator to review documentation filed with the Court or received into evidence, voluntarily released by the parties, or released by Order of the Court about his/her and their child/ren from the physician(s), therapist(s), teacher(s), evaluator(s), previous Parenting Coordinator and other professional involved in this case (except for the attorney representing him/her). Each party must allow the Parenting Coordinator to speak with his or her attorney and other collateral sources as the Parenting Coordinator deems appropriate; however, the Parenting Coordinator is not authorized to share the materials or discuss confidential information with anyone outside the case. Provided, however, that the party's obligation under this paragraph does not extend to other privileges recognized by law.

### 11. Involvement of Parenting Coordinator in Litigation.

A. The Parenting Coordinator's records may only be subpoenaed by order of the Judge presiding over the case. The court must review the records *in camera* and may release the records to the parties and their attorneys only if the court determines release of the information contained in the records will assist the parties with the presentation of their case at trial.

B. Parenting Coordinators may only be subpoenaed by the Assigned Judge. If a subpoena issues, at least one (1) week in advance of the matter for which the Parenting Coordinator was subpoenaed to appear, the party requesting the subpoena must deposit with the Parenting Coordinator an amount equal to three (3) hours of the Parenting Coordinator's hourly rate.

### 12. Immunity.

The Parenting Coordinator has immunity consistent with North Carolina law as to all actions undertaken pursuant to the Court appointment in this Order. This immunity applies to all acts done by the Parenting Coordinator during the appointment during the appointment and until the Parenting Coordinator is given notice of his/her termination. The immunity continues to apply to acts required by the Court to conclude the Parenting Coordinator's duty after termination.

### 13. Fees.

A. The parents have the financial capacity to pay for the Parenting Coordinator. The parties shall pay the Parenting Coordinator for all of his/her time and costs incurred in processing the case. This includes time spent reviewing documents and correspondence, meetings and telephone calls with parents, attorneys, and other professionals involved in the case, and deliberation and issuance of decisions. Costs shall include long-distance telephone calls, copies, fax charges, and all other similar costs incurred by the Parenting Coordinator pursuant to this Order. In addition, the parents shall pay for time spent by the Parenting Coordinator in any hearing, settlement conference report writing, or other Court appearance that the Parenting Coordinator's presence is requested or required. Nonpayment of fees may subject the nonpaying parent to prosecution for indirect contempt of Court for failure to abide by the Order. Prior to the first appointment, the parents shall provide the Parenting Coordinator with any deposit required by the Parenting Coordinator.

B. The Parenting Coordinator's hourly fee shall be paid as follows: Father shall pay 51% and Mother shall pay 49%. This Parenting Coordinator may modify this allocation, or may recommend to the Court that the allocation be modified in the Parenting Coordinator finds that one parent is using his/her services unnecessarily and, as a result, is causing the other parent greater expense; or if one parent in acting in bath faith. Ultimately, the Court shall determine the proper allocation of fees between the parents and may require reimbursement by one parent to the other of any payment made

to the Parenting Coordinator. Either parent may request the fees be reallocated at any time during the Parenting Coordinator's term of appointment, unless good cause shown for failing to appear at the appointment. The pro rata share listed above is non prejudicial to the parties and can be re-addressed at a future hearing.

C. If one parent pays 100% of the Parenting Coordinator's fee, then that party has absolute right of indemnification against the other parent up to the percentage allocation for which the other parent was responsible. This reimbursement may be enforced by contempt.

This the 16th day of May, 2019

_____
DISTRICT COURT JUDGE

**For Consent Orders:**

**The parties acknowledge that the above-named Parenting Coordinator has been consulted about this appointment, and he/she has agreed to accept the appointment.**

**Both parties have agreed (stipulated) to the terms of this Order:**

_____  _____
Plaintiff/Petitioner (signature)                Defendant/Respondent (signature)


_____                                         _____
Attorney for Plaintiff/Petitioner            Attorney for Defendant/Respondent

**WAKE-DOM-24** Page 7 of 8 (Rev. 9/09)
Case 5:21-cv-00061-FL   Document 42-1   Filed 05/13/21   Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Order Appointing Parenting Coordinator has been served on all parties <u>and</u> the Parenting Coordinator in the following manner:

☐ By depositing a copy in the US Mail in a properly addressed, postpaid envelope to:
_____

☐ By hand delivery to: _____
_____

☐ By facsimile to: _____    Fax No.: _____

☐ Other: <u>X Hand Delivery to Plaintiff & Defendant & and Attorneys of record in open court</u>
_____

Date: 5/16/2019

_____

☐ Plaintiff    ☐ Defendant
☐ Attorney for Plaintiff    ☒ Attorney for Defendant