STATE OF NORTH CAROLINA　　　　　　IN THE GENERAL COURT OF JUSTICE
WAKE COUNTY　　　　　　　　　　　　　DISTRICT COURT DIVISION
　　　　　　　　　　　　　　　　　　　　FILE NO. 13 CVD 15157

PATRICK JOSEPH CAMPBELL,
　Plaintiff,

vs.

VIRGINIA QUINN CAMPBELL
　Defendant.

**ORDER
ON
PARENTING COORDINATOR
REPORT**

　　　THIS CAUSE coming on to be heard and being heard before the Honorable J. Brian Ratledge, presiding judge at the session of Civil District Court on April 12, 2021, in Wake County, on the Parenting Coordinator's Report to the Court filed on February 16, 2021.

　　　IT APPEARING TO THE COURT Plaintiff was present and represented by Scott Allen of Allen & Spence, P.A. Defendant was present and represented herself, and the Parenting Coordinator, Katherine Frye, was present.

　　　THE COURT, having reviewed and considered the pleadings filed in this action and having heard arguments of counsel, the parties, and Parenting Coordinator, makes the following:

## **FINDINGS OF FACT**

　　　1.　The above-captioned action between Plaintiff and Defendant [collectively, "parties"] has been, and continues to be, a high conflict case.

　　　2.　Katherine Frye ["Frye"] was previously appointed by the Court on May 16, 2019 to serve in the role of Parenting Coordinator for the parties. Frye's term expires in May 16, 2021, unless renewed or extended by the Court.

　　　3.　On February 16, 2021, Frye filed a Parenting Coordinator's Report To the Court pursuant to N.C.G.S. § 50-97 to, among other considerations, bring to the Court's attention the legal proceedings Plaintiff initiated on behalf of the minor children in other North Carolina tribunals. Specifically, Plaintiff filed:

　　　　　　a.　A claim for damages under the North Carolina Tort Claims Act (I.C. Docket Number TA-29066) before the North Carolina Industrial Commission on December 18, 2020. This case is captioned as follows: *Caroline Campbell, Thomas Campbell, Patrick Campbell,* Plaintiffs v. *UNC Health Care System,* a

A Health Care System Owned By The State of North Carolina, Defendant AND *University of North Carolina at Chapel Hill*, A Public University for The State of North Carolina, Defendant. Plaintiff Campbell seeks various claims for Relief and he subsequently filed an Amended Complaint in these same proceedings before the Industrial Commission. ["IC Claim"]

    b. A complaint in Wake County Superior Court (File No. 20CVD14673) seeking various claims for Relief on December 22, 2020 . This case is captioned as follows: *Caroline Grace Campbell, Thomas Wesley Campbell, Patrick Joseph Campbell, Plaintiffs* v. *Patrice Garlington* (In Her Individual [sic] and official Capacity], *Nancy Berson* (In Her Individual [sic] and official Capacity], *Mark Everson* (In His Individual [sic] and official Capacity]. ["Superior Court Claim"].

4. Based upon the current provisions December 6, 2019 Custody Order, it was unclear whether Plaintiff Patrick Campbell in the matter *sub judice* had authority to file such claim(s) without, at minimum, first obtaining Defendant Virginia Frye's authorization.

5. A review of Judge Denning's 40-page Order on Permanent Custody ["Permanent Order"] reveals the following language:

> "1. **Legal Custody**.
>     a. The parties shall have joint legal custody of the minor child. All decisions affecting the education, health and welfare of the child shall be made jointly, after discussion and input from each parent. The parties have a duty to discuss and agree on major decisions related to the minor child. If the parties are unable to agree on medical decisions relating to the minor child, they shall follow the recommendations of the child's physician. If the parties are unable to agree on any other major decision, they shall refer the matter to their parenting coordinator for resolution consistent with the Parenting Coordinator's authority as set forth in the Parenting Coordinator appointment order. In the event there is no Parenting Coordinator the Defendant shall have the final decision-making authority." (Decretal Paragraph 1, Page 27 of 40)

6. Frye's inquiry was in good faith and wholly reasonable under the circumstances. Frye was not seeking a declaratory judgment, a show cause, or contempt; instead, she sought further clarity on whether Plaintiff Campbell was required to consult with her in her official capacity as Parenting Coordinator or with Defendant prior to filing either case in the respective tribunals.

7. At hearing, this Court did not weigh into the whether – or to what extent, if any – Plaintiff Patrick Campbell consulted with the Parenting Coordinator or obtained Defendant's consent prior to filing the IC Claim and/or Superior Court Claim. Instead, the Court reviewed the existing terms of the Permanent Order.

8. The Permanent Order entered by Judge Denning contains broad language in how it references "education, health and welfare of the child". Such particulars are neither lacking, insufficient or inadequate, as this language is quite common in the multitudes of orders entered by

this honorable Court. The more significant issue is whether filing a lawsuit on behalf of minor children is encompassed within "health" or "welfare" as the Permanent Order is currently written.

9. It is not clear to the undersigned that filing a lawsuit on behalf of minor children was a matter reasonably contemplated by Judge Denning when he entered the Permanent Order. Though such a task would be well-intentioned, for this Court to now amend or reinterpret such a provision would result in retroactive application and be unfair to both parties. This Court declines to do so in this present circumstance, but this Court reserves the right to address in the future should any party to this case seek a modification of the Permanent Order. In addition, this Court may also address whenever a Parenting Coordinator's term is created, renewed, extended, or amended.

10. This Court does not have subject matter jurisdiction on any IC Claim or Superior Court Claim. However, nothing herein prohibits either Court or tribunal from making its own determination as to whether Plaintiff Patrick Campbell lacks Standing or unilateral authority to file claim(s) on behalf of either/both of the minor children given the terms of the Permanent Order as written. Indeed, both the Industrial Commission and Superior Court are competent forums which can fully examine the pertinent provisions of the Permanent Order and make their own respective findings as to such issue or claim(s).

11. At this conclusion of this hearing *sub judice*, the Court informed the parties present that it would be entering a Gatekeeper's Order involving Plaintiff Patrick Campbell arising from his court filings and communications with the Family Court office related to this hearing and a prior hearing in September 2020. This order will be entered separately by the Court.

## CONCLUSIONS OF LAW

1. The parties are properly before the Court and the Court has jurisdiction over the parties hereto and of the subject matter herein.

2. The provisions below are fair, reasonable, adequate, and necessary.

3. The terms of this Order are in the best interests of the minor children.

4. The parties have the ability to comply with this Order.

Based upon the above Findings of Fact and Conclusions of Law,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Neither party shall discuss this litigation, nor any other legal proceedings, with the minor children.

2. This Court takes no further action at this time regarding the IC Claim and Superior Court Claim.

SO ORDERED, this the 15th day of April, 2021.

_____
The Honorable J. Brian Ratledge
District Court Judge
Wake County, North Carolina

13CVD15157

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing order has been served on **4/16/21** by U.S. Mail, postage prepaid, on the following:

KATHERINE FRYE
Frye Law Offices
9209 Baileywick Road, Suite 203
Raleigh, NC 27615

SCOTT ALLEN
Allen & Spence, LLC
3737 Glenwood Avenue, Suite 100
Raleigh, NC 27612

QUINN CAMPBELL
4214 Batiste Road
Raleigh, NC 27613

By: _____
Valerie Sanders, Family Court Case Coordinator
Wake County Family Court
Post Office Box 351
Raleigh, North Carolina 27602
Telephone: (919) 792-4885
Facsimile: (919) 792-4876