NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
 DISTRICT COURT DIVISION
WAKE COUNTY File No.: 13CVD15157

PATRICK JOSEPH CAMPBELL, )
   Plaintiff, )
 )
 ) PREFILING INJUNCTION
v. ) ("Gatekeeper Order")
 )
VIRGINIA QUINN CAMPBELL, )
   Defendant. )

THIS MATTER is before the undersigned Judge *ex mero motu* for entry of a Prefiling Injunction, also known as a "Gatekeeper Order", which regulates the filing of documents in this legal action by Plaintiff Patrick Joseph Campbell.

On September 29, 2020, the Court noticed Plaintiff in open Court that his recent filings in this matter were excessive, often unnecessary, unduly burdensome and had risen to the level requiring the Court's attention.

THE ENTRY of a Prefiling Injunction is an extraordinary remedy, which is within the inherent authority of the court when necessary to preserve the orderly and efficient administration of justice and when a lesser remedy is not available or likely to provide adequate protection for litigants and court officials affected by the frivolous and groundless filings.

UPON REVIEW of the recent record in this matter, the Court now enters this ORDER, based on the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The above-captioned case is a high conflict Child Custody matter between Plaintiff and Defendant ["Matter"].

2. There are a total of nine (9) manilla folders which contain all of the filings and rulings from the Court in this Matter. Combined, these court folders fill a medium-sized box.

3. The undersigned inherited this case from the Honorable Judge Michael Denning. On August 28th – 29th, 2019, Judge Denning presided over a permanent custody hearing involving the parties ["Hearing"]. Plaintiff was represented by counsel, Defendant was represented by counsel, and Intervenor Christina Campbell was present on behalf of

1

Intervenors. On September 19, 2019, Judge Denning entered a Memorandum of Judgment pending entry of a Permanent Custody Order.

4. For the purposes of brevity and a reasonable reference point, Judge Denning entered an Order for Permanent Custody on December 6, 2019 ["Order"], which arose from the August 28-29, 2019 hearing. Since the entry of that Order, at least two (2) new additional folders have been added to this Matter, most of which comprise documents filed by Plaintiff.

5. Since the Order's entry, Plaintiff, usually representing himself, has filed numerous documents with the court including, but not limited to, the following:

   a. On December 16, 2019, Plaintiff and Plaintiff Intervenor Christina Campbell filed a "Motion for Rule 59 and Rule 60. Relief from December 6, 2019", which was an eleven (11) page document seeking various forms of relief. This Motion is divided by various captions: "NEED FOR A SPECIFIC SCHEDULE", "OBSTRUCTION OF PHYSICAL CUSTODY", "FALSE ALLEGATIONS OF ABUSE", "ALIENATION BY DEFENDANT", "ADHD TREATMENT OBSTRUCTION", "DEFENDANT MENTAL HEALTH", "FLIGHT RISK", PLAINTIFF MENTAL HEALTH", "PHYSICAL CUSTODY", "FINANCIAL LIMITATIONS", "UNC", "GRANDPARENTS CUSTODY", and "CLERICAL". In sum, Plaintiff sought a new trial or an order which addressed to his satisfaction the issues and concerns raised in this Motion.
   b. On December 17, 2019, Plaintiff filed a Calendar Request and Notice of Hearing noticing the following for hearing: "Motion Rule 59 Permanent Custody". Plaintiff sought to calendar this Motion for January 9, 2020 and be heard on that day.
   c. On December 23, 2019, Plaintiff filed a Motion for Order To Show Cause and Motion for Contempt against Defendant alleging she was in violation of the Judge Denning's September 2019 Memorandum of Judgment and also the subsequent Order. The Motion contains a slew of allegations. Nonetheless, the Court granted Plaintiff's request and signed an Order to Show Cause involving Defendant on January 16, 2020.
   d. On December 30, 2019, Plaintiff filed a Motion to Shorten Time. Though the Motion is brief, it is incoherent in places. In sum, it is clear Plaintiff sought to have Defendant respond to certain discovery requests he allegedly served on her on or around December 27, 2019. Plaintiff asserts such requests are necessary in advance of the January 9, 2020 hearing. Notably, however, in Paragraph 3 Plaintiff specifically alleged:

      "3. The basis for rule 59/60 relief is in part the result of incomplete responses by Defendant to Plaintiff's discovery requests prior to the August 2019 hearing in this matter."

      In essence, Plaintiff is propounding discovery related to a trial/hearing which had already occurred four (4) months prior. This Motion was DENIED on February 12, 2020.

2

e. Also, on December 30, 2019, Plaintiff filed a "Motion for Subpoenas in Support of Rule 59 Hearing". In this Motion, Plaintiff claims various entities, including "UNC", failed to timely or properly respond to prior Subpoenas issued by the court in advance of the Hearing. Plaintiff sought the court's approval to issue Subpoenas for "the files of UNC, Dr. Katrina Kuzyszn Jones, Dr. Baker Sinclair and Dr. Harris Britt so that the court's findings may adequately be reviewed and or amended on January 9th".
f. On January 10, 2020, Plaintiff filed another Motion for Order to Show Cause and Motion for Contempt. However, though Plaintiff identified Defendant in the caption, in the body of the Motion Plaintiff identified someone else: "Dr. Barbara Bergholdt, MD c/o Christopher O'Connor, Associate General Counsel, Legal Department UNC Health Care System". A cursory review of this Motion revealed Plaintiff seeking Bergholdt and UNC to be held in contempt and criticizes them for failing to produce documents until September 3, 2019, which occurred after the Hearing. On January 16, 2020, the Court entered an order denying this Motion, as Plaintiff appeared to be asking this Court to hold a non-party in Contempt.
g. On February 5, 2020, Plaintiff filed with this Court documents specific to United States District Court. Plaintiff filed a "Consent to Electronic Service" regarding all civil cases in the Eastern District of North Carolina showing he established a PACER account, along with a "Notice of Self-Representation". If the above-captioned matter was within the jurisdiction of federal court, these filings would have merit. Given the history and extensive filings in this Matter long before February 5, 2020, Plaintiff should know his case is in state court and not federal court. Nonetheless, Plaintiff would reference this particular consent in other communication(s) with Defendant's counsel in later filings with the court.
h. On February 10, 2020, Plaintiff filed multiple documents:
    i. "Plaintiff's Response, Motion to Set Aside and Motion to Compel". In this Motion, Plaintiff disagreed with the clerk's decision to grant Defendant's counsel an extension of time to respond to Plaintiff's December 2019 discovery requests. In sum, Plaintiff wanted the Court to set aside the Order extending time and compel "Defendant to respond fully and promptly to Plaintiff's discovery of 12/28/19 and correct any deficiencies flagged to her by Plaintiff's prior counsel Mr. Allen prior to the August 2019 trial in this matter". This motion included copies of proposed orders totaling 10+ pages, including a Request for Production of Documents and Supplemental Production, which contained detailed requests accompanied by testimonial statements/conclusions from Plaintiff. This Motion was DENIED on February 12, 2020.
    ii. "Protective Order (Clarifying 5/16/19 Protective Order)". Notably, the Submission Cover Sheet submitted by states the Order being submitted "was announced in open court". The undersigned is unaware of any such announcement in open Court, particularly as the proposed order specifically states the matter came on for hearing in August 2019. In essence, it appears Plaintiff sought to retroactively address a matter by submitting an order

3

involving the Hearing which had already occurred in front of Judge Denning in August 2019. On February 11, 2020, Judge Denning filed a document showing he "Denied Modification of Protective Order".
  i. On February 11, 2020, Plaintiff filed another Motion to Shorten Time. In this Motion he included a request for an "Amended Protective Order" and to "Shorten Time for Discovery Responses". In all, Plaintiff continued expressing how he did not believe Defendant needed additional time to respond to the 12/28/19 Discovery requests, despite the fact Defendant's had already been granted additional time to respond.
  j. On March 4, 2020, Judge Denning entered an Order Dismissing Motion for Rule 59 and Rule 60 Relief from December 6, 2019 Order ["Dismissal"]. A detailed review of this Order reflects this ruling was made after a hearing was held on February 18, 2020, with Plaintiff present and *pro se*, Plaintiff Intervenors not present, and Defendant present and represented by counsel.
  k. On March 16, 2020, Plaintiff filed a "Motion for Hearing on the Merits" requesting relief from the Dismissal, in particular a "hearing on the merits". This 7-page Motion was generally divided into the following sections:
     i. "RULE 59(a)(7) INSUFFICIENCY OF THE EVIDENCE TO JUSTIFY THE VERDICT OR THAT THE VERDICT IS CONTRARY TO LAW";
     ii. "RULE 59(A)(1) ANY IRREGULARITY BY WHICH ANY PARTY WAS PREVENTED FROM HAVING A FAIR TRIAL"; and
     iii. "RULE 60(b)(1) MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT".

6. On April 3, 2020, Plaintiff submitted for approval to this Court a Subpoena request to Dr. April Harris Britt [Dr. Britt]. Plaintiff asserted Dr. Britt's emails contained "key evidence" for the Show Cause hearing set for May 8, 2020. On April 9, 2020, the undersigned DENIED Plaintiff's request to sign and issue the Subpoena, specifically writing: "No basis articulated as to why said emails are necessary".

7. On April 24, 2020, Plaintiff filed a "Re-Submitted Request for Subpoena" to this Court regarding Dr. Britt's emails, but this time with additional context. Nonetheless, the undersigned did not grant Plaintiff's re-submission request for the Subpoena to Dr. Britt since, in the Court's view, Plaintiff had other alternatives available to bolster his Show Cause claim(s) against Defendant. Additionally, the Court informed Plaintiff of the following: "Any new Subpoena requests regarding the named 'Britt' shall not be considered by this Court for Plaintiff's pending claim. DENIED".

8. On April 30, 2020, Plaintiff filed "Plaintiff's Motion to Remove Parenting Coordinator, Motion to Modify Custody and Motion for Temporary Restraining Order and Preliminary Injunction. This 9-page Motion also included: an 8-page Order Appointing Parenting Coordinator (May 2019); 5 pages of email communications involving the parties and parenting coordinator (April 2020); and a copy of Plaintiff's 19-page Financial Affidavit (previously filed January 8, 2020 accompanied by tax filings without redaction of Plaintiff's own personally identifiable information). Plaintiff was adamant about the

4

Parenting Coordinator being removed and vehemently disagreed with her recent interpretation of the summer vacation weeks under the Order. Plaintiff specifically accused the Parenting Coordinator of acting in bad faith, among other allegations. The Court did not rule on these Motions before Plaintiff filed an amended Motion.

9. On May 1, 2020, Plaintiff filed an "Amended Motion for Temporary Restraining Order and Preliminary Injunction, Motion for Subpoena". This amended Motion was substantively similar to the April 30, 2020 filing. This time, with the amended 9-page filing, Plaintiff attached a copy of the 40-page Order, an 8-page Order Appointing Parenting Coordinator, and 11 pages of email communications between the parties and the parenting coordinator. On that same day, the undersigned DENIED Plaintiff's request for a Temporary Restraining Order.

10. On May 11, 2020, Plaintiff filed another document, titled "Plaintiff's Motion To Compel" regarding a Request for Documents he supposedly served on Defendant on March 5th, 2020. Attached to this filing was: Plaintiff's December 2019 Motion and Order to Show Cause; Plaintiff's Request for Production of Documents (22 pages); a 1-page Order granting Defendant's additional time to respond to Discovery through May 5, 2020; and a 5-page email exchange involving Plaintiff, Defendant and Defendant's Counsel (and certain Family Court staff were cc'd on these exchanges). The contents of the emails generally reflect Plaintiff disputing Defendant actually having legal representation; intimating Defendant's counsel is having *ex parte* communication with the Court; Plaintiff requesting the Family Court staff not accept any filings by Defendant's counsel; and whether Defendant had timely and fully replied to Plaintiff's discovery requests.

11. On July 24, 2020, Plaintiff filed another Motion for Order to Show Cause and Motion for Contempt against Defendant for violating the Order. This 11-page filing contains numerous allegations, some of which pre-date the Order. Nonetheless, the undersigned granted Plaintiff's request and signed an Order to Show Cause against Defendant and set the matter for hearing on September 29, 2020.

12. On August 14, 2020, Plaintiff amended his recent July 24, 2020 Motion when he filed "Plaintiff's Amended Motion for Order to Show Cause and Motion for Contempt", a 14-page document.

13. On September 8, 2020, Plaintiff filed a letter sent to Defendant's attorney. This letter was titled "RE: CAMPBELL V. CAMPBELL 13 CVD 15157 MEET AND CONFER". This 24-page document contains a marathon list of requests and comments by Plaintiff. Though a conceivably well-intentioned effort by Plaintiff to resolve a discovery dispute, the filing of such a letter was unnecessary at the time.

14. On September 18, 2020, "Plaintiff's Second Motion to Compel" was filed. Included in this document of several pages, Plaintiff once again attached a copy of Plaintiff's Request for

Production of Documents (21 pages), a copy of his original Motion to Compel (3 pages) along with another copy of his 24-page "MEET AND CONFER" letter previously filed.

15. On September 22, 2020, the Court granted Plaintiff's subpoena request for Britt to appear and testify at the September 29, 2020, hearing involving Plaintiff's two Motions for Show Cause.

16. The court file is replete with email exchanges (typically in the form of attachments) in September 2020 involving Plaintiff and Defendant's counsel; however, a significant number of email exchanges unnecessarily embroiled Family Court staff. In all, this became a significant distraction to a staff whose dedication is to the public at-large. Plaintiff's communication was at, minimum, ongoing and extensive.

17. At the conclusion of the hearing on the two (2) Orders to Show Cause on September 29, 2020, in open Court the undersigned verbally warned Plaintiff, in the presence of counsel, that his ongoing, repetitive filings needed to cease immediately. Moreover, Plaintiff was clearly put on notice that he was one filing away from the Court entering a Gatekeeper Order against him. Over the previous year, the sheer volume of his filings, along with the frequency and depth of communication with Family Court and Clerk staff, had become burdensome and overwhelming.

18. In between September 29, 2020 and early 2021, optimism prevailed and this court file remained relatively dormant. However, the landscape changed when on February 16, 2021, a Parenting Coordinator's Report to the Court was filed by Katherine Frye, the appointed Parenting Coordinator. A hearing on this Report was initially calendared for March 22, 2021.

19. As a result of the calendared hearing on the Report, Plaintiff filed a Motion in Limine, Motion to Vacate PC Report, and Motion to Replace Parenting Coordinator (March 19, 2021). On March 22, 2021, the hearing on Frye's Report was not reached by the Court and, ultimately, rescheduled for Monday, April 12, 2021. In sum, since Plaintiff disagreed with the contents of the Report he wanted Frye removed and her report wholly disregarded.

20. After rescheduling the hearing on the Report, the following occurred:

    a. In late-March 2021, Plaintiff sought to add his three Motions to be heard on the same date as Frye's Report on April 12, 2021. Frye objected due to time considerations. When Frye lodged her objections, Plaintiff objected to Frye's objections stating, among other things, Frye had no basis objecting to his request since she was not a party to this proceeding. Having been appointed to this Court on May 16, 2019 for a two-year term as Parenting Coordinator, Frye was well-within the scope of her authority and responsibility to seek redress from this Court. The undersigned DENIED Plaintiff's request.

b. Around the first week of April 2021, Plaintiff re-submitted his calendar request to add the same Motions to the calendar – a request already previously denied just days before by the undersigned. The only difference is Plaintiff had apparently obtained Defendant's consent to add the Motions he wished to be heard the same day as Frye's hearing. Once again, Frye objected. Once more, the Court DENIED Plaintiff's request. This particular re-submission on what had already been denied was duplicative, unnecessary and a waste of time for the Family Court and also for the undersigned. <u>At this point, it was abundantly clear the notice given to Plaintiff on September 29, 2020 had not resonated like it should or as much as the Court had hoped.</u> (emphasis mine)

c. On April 8, 2021, Plaintiff submitted for the Court to sign a Subpoena ordering Katherine Frye to a Deposition.

d. On April 9, 2021, Plaintiff filed a Motion to Close Courtroom regarding the April 12, 2021 hearing on the Frye's Report. His sole basis was because he "anticipates the hearing will include discussion of the Minor Children's private psychological affairs".

e. At 9:42AM on April 12, 2021, Plaintiff filed a Reply to the Parenting Coordinator Report, not surprisingly disputing both the contents and basis of the Report.

21. Particularly in April 2021 leading up to the April 12, 2021 hearing, Plaintiff's actions and communications once more became excessive, distracting, and repetitive.

22. While Plaintiff has filed some motions which have an appropriate legal basis, as noted above certain filings are unclear, duplicative and sometimes serve no legitimate legal purpose. The result of these concerning filings is to misuse court resources and to unnecessarily burden Defendant and the Parenting Coordinator in the instant Matter.

23. Plaintiff is an adult citizen and resident of Wake County who is competent to understand the rules and procedures governing court proceedings and the filing of documents, and competent to understand directions from court officials concerning those matters.

24. Plaintiff's misuse of the judicial process has resulted in a burden to court officials and to Defendant. The breadth of Plaintiff's routine, extensive filings require employees of the clerk's office and judges to sort through many pages of contentions and allegations to determine what type of document Plaintiff has filed and what action to take. This leads to incalculable time and expense to court officials, not to mention any time and expense Defendant may incur in responding to, or seeking dismissal of, filings which are meritless, repetitive or both. Even if Plaintiff does retain legal counsel for a specific hearing, the toll in the interim when not represented by counsel is deeply felt and exhausting to court staff and litigants.

25. The September 29, 2020 warning in open Court ultimately had no lasting effect on Plaintiff. Plaintiff has shown no consideration at the burden placed on court officials and litigants. In totality, he has shown no substantive regard toward the Court.

7

Case 5:21-cv-00061-FL   Document 42-3   Filed 05/13/21   Page 7 of 11

26. Plaintiff is either unable or unwilling to show self-restraint and measured decisions. Indeed, when reviewing a timeline of all Plaintiff's filings, his actions trend toward reactionary and impulsive.

27. Moving forward, there is no reason expectation to believe Plaintiff will refrain from filing legally insufficient documents, repetitive requests, and/or unnecessary documents without further directive from the Court.

Based upon the foregoing findings of fact, the court CONCLUDES AS A MATTER OF LAW:

1. Plaintiff and Defendant are properly before the Court, and the Court has jurisdiction over these parties.

2. The court has the inherent authority, and the obligation, to safeguard the judicial process to protect the fairness of the process for all parties and to prevent abuse and harassment of litigants and court officials and needless expense.

3. The court has the authority to limit the ability of an abusive litigant to file meritless and groundless documents with the court, as well as the authority to impose other sanctions for such actions.

4. Plaintiff's numerous filings have disrupted the orderly administration of justice and imposed needless increases in the cost of litigation. In addition, these filings sometimes contain allegations and contentions which are not only unnecessary but serve no legal or legitimate purpose.

5. There is no remedy short of a prefiling injunction to prevent Plaintiff's abuse of the system and harassment of court officials, Defendant's counsel, and Defendant.

6. A prefiling injunction is necessary to prevent Plaintiff's further abuse of the judicial process and Plaintiff's ongoing harassment of Defendant's counsel, Defendant and court officials.

7. Plaintiff's right of access to the courts for legitimate purposes can be preserved through a process which requires the Plaintiff to give notice and receive permission from the court before filing.

8. A prefiling injunction is the least restrictive alternative available to the court.

9. The above Findings of Facts are incorporated herein to the extent that they represent Conclusions of Law.

Based upon the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff Patrick Campbell is hereby enjoined from filing:

   a. Any motion in this Matter;
   b. Any defense in this Matter;
   c. Any responsive pleading in this Matter;
   d. Any other motion or other filing (including but not limited to a Calendar Request or Notice of Hearing, for example) which has not received prior approval of the Court in accordance with Paragraph 2 below OR that does not contain a certification from an attorney in accordance with Paragraph 3 below.

2. Prior Approval of the Court: If Plaintiff seeks prior approval of the Court for the filing of a document with the clerk of court in this Matter, then Plaintiff shall notify the undersigned Judge in writing. This writing must be delivered to the District Court Judge's Office, located on the Tenth Floor of the Wake County Justice Center. This writing must also state the nature of the filing and its legal basis and shall include a copy of the proposed filing. For purposes of this provisions, "in writing" does not include emails or other electronically submitted documents. If the undersigned Judge is no longer available to consider Plaintiff's request, then the Chief District Court Judge in the Tenth Judicial District (or any other district court judge the Chief selects) may review Plaintiff's filing.

3. Attorney Certification. If Plaintiff seeks to obtain a certification from an attorney to accompany the filing of a document in this Matter, then Plaintiff shall submit the proposed filing to a lawyer who is in good standing with the North Carolina State Bar and who is currently licensed to practice law in North Carolina. The Lawyer must certify, in writing, to the following:

   a. That the lawyer has read and is familiar with the Prefiling Injunction entered in this case;
   b. That the lawyer has carefully reviewed the document that Plaintiff wishes to file;
   c. That the lawyer has investigated the matter sufficiently to determine that there is a legitimate lawful basis for the filing;
   d. That the lawyer believes the document is being filed in good faith;
   e. That the lawyer believes that there are no unnecessary inflammatory allegations in the document; and
   f. That the lawyer does not believe the filing to be without merit and does not believe that it is being filed for the purpose of harassment.

4. If the document is submitted to the Judge for Prior Judicial Review and the reviewing Judge grants approval for the filing, the Judge will deliver the document to the Clerk's office for filing. If Plaintiff has included a self-addressed, stamped envelope with the

9

submission, then once the document is filed, the Judge will arrange for a copy of the filed document to be returned to Plaintiff, and Plaintiff will be responsible for service of the filing on all appropriate parties.

5. If Plaintiff obtains the required certification from an attorney, then Plaintiff will submit the document along with the required certification to Judge, and the Judge will deliver the document to the Clerk's office for filing. If the Plaintiff has included a self-addressed, stamped envelope with the submission, then once the document is filed, the Judge will arrange for a copy of the filed document to be returned to Plaintiff, and Plaintiff will be responsible for service of the filing on all appropriate parties.

6. Neither the Clerk of Court nor any subdivisions (Ex: Family Court Office) shall accept any filing submitted by the Plaintiff in this Matter unless it has come from a Judge who has either approved the document for filing or has determined that the appropriate attorney certification is attached.

7. Should Plaintiff succeed, despite this order, in filing any document in this legal action without the required approval from a Judge or the required attorney certification, the clerk of court shall notify the undersigned Judge (or the Chief District Court Judge).

8. A violation of this pre-filing injunction by Plaintiff, or by any person acting on behalf of or in concert with Plaintiff, is subject to the contempt powers of the Court, and Plaintiff may be sanctioned accordingly, following proper notice and hearing.

9. To the extent that Rule 11 of the Rules of Civil Procedure apply to any filing by Plaintiff, the court may impose sanctions allowed by that rule, including the imposition of attorney's fees. The court also may impose any other sanction available to it through statute, rule or the inherent authority of the court.

10. This order shall remain in effect until vacated by an order of the undersigned Judge or the Chief District Court Judge.

11. A copy of this order shall be delivered to the clerk of court and to the Trial Court Administrator's Office.

This the 16th day of April, 2021,

Hon. J. Brian Ratledge
District Court Judge
Wake County, North Carolina

10

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the attached PREFILING INJUNCTION on Plaintiff and on Defendant, along with any other interested parties/entities, by depositing a copy of the same via U.S. Mail postage paid, addressed as follows:

Patrick Campbell
4602 Merendino St.
Raleigh, NC 27606

Katherine Frye
Frye Law Offices
9209 Baileywick Rd. Suite 202
Raleigh, NC 27615

Virginia Quinn Campbell
4214 Batiste Road
Raleigh, NC 27613

Scott Allen
Allen & Spence, LLC
3737 Glenwood Ave., Suite 100
Raleigh, NC 27612

This the 16th day of April, 2021.

V. Sanders
_____
Case Coordinator
Wake County Family Court
Wake County, North Carolina