UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case Number: 5:21-CV-0061-FL

| | |
|---|---|
| PATRICK JOSEPH CAMPBELL, ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | MEMORANDUM OF LAW IN SUPPORT OF OBJECTION AND MOTION TO QUASH |
| PATRICE GARLINGTON, ET AL., | ) ) |
| Defendants. | ) |

Katherine Anne Frye (hereinafter "Movant"), in support of her contemporaneously filed Objection and Motion to Quash, pursuant to Local Rule 7.1 and 7.2, respectfully submits the following Memorandum of Law, wherein she shows the Court as follows:

COMBINED NATURE OF THE CASE AND STATEMENT OF FACTS

Movant adopts by reference the description of the "Nature of the Case" from the Defendants' "Amended Memorandum in Support of Defendants' Motion to Dismiss." [D.E. 19, p. 2].

Movant further states that she is the Parenting Coordinator appointed by a Wake County District Court Judge presiding, at the time, over a custody dispute involving Plaintiff and his former spouse, Virginia Quinn Campbell. [D.E. 42-1]. Plaintiff served Movant with two subpoenas, the first on Monday, May 10, 2021 ("the First Subpoena"), and a second on Wednesday, May 12, 2021 ("the Second Subpoena"), requesting production of substantially the same materials. [D.E. 42-4 and 42-6]. Initially, separate counsel for Movant timely served objections to the First Subpoena. [D.E. 42-5].

Both subpoenas command Movant to produce her records compiled pursuant to her role as Parenting Coordinator. [D.E. 42-6]. For the reasons set forth in the Objection and Motion to Quash, production of those records is inappropriate except on the order of the presiding assigned District Court Judge from Wake County.

ARGUMENT

I. STANDARD OF REVIEW.

Pursuant to Fed. R. Civ. P. 45(d)(3), a Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Because the Second Subpoena violates at least three sections of Rule 45(d)(3), the Second Subpoena should be quashed.

II. THE SECOND SUBPOENA REQUIRES PRODUCTION OF MATERIAL IN A MANNER THAT VIOLATES NORTH CAROLINA LAW.

The Honorable Michael Denning appointed Movant to serve as the Parenting Coordinator for Plaintiff's minor children. [D.E. 42-1]. Judge Denning's order concluded that the custody dispute between Plaintiff and his former spouse was a "high-conflict case" and that the appointment of Movant as Parenting Coordinator was in the best interests of Plaintiff's minor children. [D.E. 42-1].

What qualifies as a "High-conflict case" is defined by N.C. Gen. Stat. § 50-90(1) as "[a] child custody action involving minor children … where the parties demonstrate an ongoing patter of any of the following:

 a. Excessive litigation;

 b. Anger and distrust;

 c. Verbal abuse;

> d. Physical aggression or threats of physical aggression;
>
> e. Difficulty communicating about and cooperating in the care of the minor children; and
>
> f. Conditions that in the discretion of the court warrant the appointment of a parenting coordinator.

The Parenting Coordinator's role is defined by the appointment, but can include a number of areas identified by N.C. Gen. Stat. § 50-92. The Parenting Coordinator "shall decide any issue within the scope of the parenting coordinator's authority, and the decision shall be enforceable as an order of the Court. N.C. Gen. Stat. § 50-92(b). One of the Parenting Coordinator's responsibilities is to file reports with the Court, upon which the Court can issue orders for show cause or make temporary custody orders. N.C. Gen. Stat. § 50-97 [D.E. 42-2].

Obviously and necessarily, Parenting Coordinator create and compile records in the performance of their duties. To obtain those records, either parent has to apply to the presiding judge for issuance of a subpoena to compel production. N.C. Gen. Stat. § 50-98(b). The Second Subpoena, issued directly to Movant for the production of her records, violates that law.

As noted in Movant's motion, Plaintiff is subject to a pre-filing injunction or "gatekeeper order" in the custody action currently pending in Wake County District Court. [D.E. 42-3]. The "gatekeeper order" entered by Judge Ratledge was issued, in part, due to Plaintiff's attempts to subpoena Movant to appear for a deposition. [D.E. 42-3, p. 7]. To obtain Movant's records, Plaintiff has an obligation by court order to seek and receive permission from the court before filing requests or materials related to Movant's responsibilities or records. *See* N.C. Gen. Stat. § 50-98. The Second Subpoena is an end-run on Plaintiff's responsibility to seek leave of Court before obtaining Movant's records.

Rule 45(d)(3)(A)(iii) of the Rules of Civil Procedure provides that a court must quash a subpoena that requires disclosure of protected materials. Production of the materials and records requested in the Second Subpoena is protected not only be N.C. Gen. Stat. § 50-98(b), but also by Judge Ratledge's pre-filing injunction. The Second Subpoena is therefore objectionable and should be quashed.

III. PLAINTIFF'S SUBPOENA PROVIDED MOVANT WITH LESS THAN FORTY-EIGHT (48) HOURS TO COMPLY, WHICH IS UNREASONABLE AND POSES AN UNDUE BURDEN.

Movant has served as Parenting Coordinator for Plaintiff's minor children for almost two years. Plaintiff's custody suit is a "high-conflict case", and Judge Ratledge noted that even after a permanent custody order was entered, Plaintiff filed "at least two (2) new additional folders" in the court file. [D.E. 42-3, p. 2]. To request that Movant produce all records of her correspondence with Defendants' counsel, employees of the court, his former spouse or her attorneys, or employees of UNC or its attorneys in less than forty-eight (48) hours is manifestly unreasonable, and unduly burdensome. Therefore, Movant requests that this Court quash the Second Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court quash the Second Subpoena, and uphold Movant's objections to the same.

This the 13th day of May, 2021.

        BAILEY & DIXON, LLP

        By: /s/ J.T. Crook
            J.T. Crook, N.C. State Bar No. 35232
        Attorneys for Movant
        Post Office Box 1351
        Raleigh, North Carolina 27602-1351
        Telephone: (919) 828-0731
        Email:  jcrook@bdixon.com

CERTIFICATE OF SERVICE

       I hereby certify the on the 13th day of May, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Ryan M. Shuirman
> Madeleine Pfefferle
> Yates McLamb & Weyher, LLP
> Post Office Box 2889
> Raleigh, NC 27602
> Email: rshuirman@ymwlaw.com
>       mpfefferle@ymwlaw.com
> *Attorneys for Defendants*

       I further certify that I placed a copy of the foregoing Objection and Motion to Quash in the United States mail, postage prepaid, and electronically mailed the foregoing to the Plaintiff at the following address:

> Patrick Joseph Campbell
> 4602 Merendino St
> Raleigh, NC 27606
> Email: Patrickjcampbell2001@yahoo.com
> *Pro se Plaintiff*

This the 13th day of May, 2021

      BAILEY & DIXON, LLP

      By: /s/ J.T. Crook
          J.T. Crook, N.C. State Bar No. 35232
      Attorneys for Movant
      Post Office Box 1351
      Raleigh, North Carolina 27602-1351
      Telephone: (919) 828-0731
      Email: jcrook@bdixon.com

- 6 -

Case 5:21-cv-00061-FL   Document 43   Filed 05/13/21   Page 6 of 6