FILED

JUN 0 1 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ____mLB____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-CV-61-FL

| | |
|---|---|
| CC, <br> TC, and <br> PATRICK JOSEPH CAMPBELL <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICE GARLINGTON (IN HER INDIVIDUAL and official CAPACITY); NANCY BERSON (IN HER INDIVIDUAL and official CAPACITY); and MARK EVERSON (IN HIS INDIVIDUAL and official CAPACITY) <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS REPLY, MOTION TO COMPEL AND MOTION TO STRIKE** |

COMES NOW Plaintiff Patrick Campbell in reply to movant Katherine Anne Frye's motion to quash subpoena filed on May 13th, 2021 and respectfully moves this court to compel movants' responses to subpoenas [38] and [39] pursuant to Federal Rules of Civil Procedure Rule 37(a) and further moves the court pursuant to FRCP rule 12(f) to strike movants exhibit [42-2], [42-3], [46] and also defendants related filing [35-2].

6. On May 13th, 2021, counsel for movant filed a motion to quash and served it to plaintiff Patrick Campbell by mail.

7. Pursuant to FRCP rule 6 and the local rules for EDNC, a party may reply to a discovery motion within 14 days, service by mail adds an additional three days, and if such time to file falls upon a weekend or federal holiday, a responsive filing may be made the first business day following.

8. Such time not having expired, plaintiff Patrick Campbell timely files this reply, motion to compel and motion to strike.

9. On or before February 10th 2021, counsel for defendants in this matter Shuirman contacted movant Katherine Anne Frye by email and by telephone (exhibit 1).

10. Movant at the time was serving as a parenting coordinator per her appointment order by Wake County Family Court [42-1]. Movant's term as parenting coordinator ended on May 16th 2021.

11. Per movant's appointment order, the only attorneys she may communicate with ex parte are counsels for a party in her family court action. Movant has no authority to communicate ex parte with any other attorney, including any counsel for defendants in this matter.

12. Plaintiff Patrick Campbell objects to defendant's counsel in this matter communicating with movant and further objects to movant taking any action as a result of contact by defendant's counsel in this matter.

13. Movant is obliged by NCGS 50-92 to limit her activity to the specific authorities and duties allowed in her appointment order, [42-1] which confines her authority to day-to-day parenting decisions and does not confer her any authority over the minor plaintiffs' participation in litigation, nor can it - such authority is solely and properly vested in the minor plaintiff's guardian ad litem pursuant to FRCP 17 and the corresponding NCGS 1A-17.

14. Plaintiff Patrick Campbell requested defendants' counsel and movant provide him with copies of their entire correspondence on February 10th, 2021.

15. Per her appointment order [42-1], movant is required "5. The Parenting Coordinator shall … provide the parties copies of all other written communication"

16. Neither defendant's counsel nor Movant responded.

17. Movant's appointment order [42-1] also limits the topics on which movant is authorized to write the family court to two specific issues.

18. Those topics are limited to:

> "(1) A recommendation that it is in the best interests of the child/ren for the parents to participate in any of the following interventions: Therapy, recognizing that couples counseling is not appropriate in cases involving domestic Violence, Treatment programs, including batterer's intervention courses, Mediation, Custody/parenting time evaluation, Programs for high conflict parents, anger management, etc.; and Interventions for minor child/ren including the appointment of an attorney or therapy
>
> (2) A recommendation that it is in the best interests of the child/ren to change the Parenting Coordinator's decision-making power to better accommodate the needs of the parties or their

children."

19. Nowhere in Movant's appointment is she authorized to seek for the family court to hold any person contempt.

20. Since February 16th, 2021, Movant has on four occasions filed reports in Wake County Family court, over Plaintiff's objection, seeking for plaintiff Patrick Campbell to be held in contempt. Movant has no authority to seek such any such sanction.

21. Movant's appointment order further forbids movant from ex parte communications with Wake County Family Court [42-1]. "9C. The Parenting Coordinator shall not communicate ex parte with the Judge assigned to the case"

22. Movant has however engaged in ex parte communications with the family court including at least exhibit 2 over plaintiff's Patrick Campbell's objections and upon information and belief movant's ex parte communications are systematic. Movant's ex parte communications sought to prevent plaintiff's responsive motions to her reports being set for hearing with the family court, upon information and belief has twice set contempt motions for hearing without plaintiff Patrick Campbell being served with notice, which if Plaintiff Patrick Campbell had not learned about through means other than service, could have precipitated orders for plaintiff Patrick Campbell's arrest.

23. Movant as a parenting coordinator has no authority to draft orders for Wake County Family Court.

24. Movant in [48] admits to preparing and filing at least one order for Wake County Family Court and upon information and belief, drafted a further order [42-3].

> "3. On April 16, 2021, the Honorable Brian Ratledge entered an Order on the Parenting Coordinator Report ***prepared and filed by Movant in Wake County District Court***. [D.E. 42-2]"

25. Upon information and belief that drafting occurred with substantial support from with counsel for defendants. That interaction is the subject of the present subpoenas. Movant did not copy plaintiff Patrick Campbell or his counsel with either the admitted or suspected draft orders as she was required by local rules for Wake County family court. Movant filed [42-2] and [42-3] with her motion to

quash on May 13th, 2021. In the context of the main suit before the court, such conduct if confirmed by the present subpoenas, would amount to fabrication of evidence and conspiracy.

26. Movant's conduct is thus concerning to plaintiff Patrick Campbell and her motivation for that conduct is respectfully in question. Upon information and belief movant is acting as agent of defendant's counsel in this matter who is a personal friend of movant, so as to disparage plaintiff Patrick Campbell and undermine all plaintiffs' claims in this matter, including those of CC and TC, contrary to movant's duties to CC and TC.

27. Per movant's appointment order [42-1], Plaintiff Partrick Campbell is entitled to her written communications and she is required to provide plaintiff Patrick Campbell with said written communications.

28. Plaintiff Patrick Campbell requested movant provide her communications with defendant's counsel on 2/10/21 and with family court personnel on approx. May 1st. She did not do so.

29. Plaintiffs are entitled to movant's production of the documents and materials [38] and [39], in view of movant's obligation under her appointment order to provide plaintiff Patrick Campbell with her written communications.

30. In further view of a potential effect of those documents upon the present suit and movant's refusal to produce, plaintiffs are entitled to production of those documents by subpoena in this matter.

31. Plaintiffs are further entitled to such subpoena response being had on an expedited basis prior to the main body of discovery in this matter, in view of movant's repeated filing of reports in Wake County Family Court outside her authority seeking to have plaintiff Patrick Campbell held in contempt, one of which remains pending, in further view of movant's established pattern of contact with defendants' counsel in this matter outside her authority, her apparent agency on their behalf and in further view of her admission that that she has fabricated evidence she has filed in this matter,

32. Plaintiffs proposed amended complaint [40] alleges conspiracy between defendants, attorneys on behalf or UNC to interfere with plaintiffs' protected rights. The conduct of defendant's

counsel and movant give the appearance of a continuance of the alleged conduct that if proven would constitute continuing harm.

33. On May 4th 2021 Judge Flanagan entered an order allowing Plaintiffs to file a proposed redacted and amended complaint by May 11th 2021.

34. Subpoena [38] was issued May 6th 2021 seeking response by May 9th 2021 in order to be allow plaintiffs to incorporate any relevant subpoenaed material into their proposed redacted and amended complaint.

35. Movant was served with subpoena [38] on May 7th 2021 by process server, per the process server's affidavit [52], not May 9th as alleged in movant's motion to quash.

36. Movant failed to timely respond to the subpoena served to her on May 7th 2021. In view of her allegation that she was not served on May 7th, further subpoena was issued.

37. Movant was served with further subpoena [39] on 5/12/21 by Wake County Sheriff [44].

38. Movant alleges in her motion to quash that she was not served on May 7th and the materials sought are privileged, burdensome and insufficient time was allowed for response.

39. Plaintiff Patrick Campbell wrote counsel for movant on May 27th in attempt to meet and confer (exhibit 3) offering until June 7th 2021 for a response to the subpoenas.

40. Plaintiff requested a response to his proposal by end of day May 28th. Plaintiff has received no response as of time of this filing.

41. Per the process server's affidavit of service [52], movant was properly served on May 7th, not May 10th as she alleges.

42. Movant is the registered agent with NC SOS for the eponymous business Frye Law Offices in which she is sole proprietor. In that capacity, movant is required to be present to accept service during normal business hours, or to have another individual present when she is absent who is authorized to accept service on her behalf. Movant's allegation that her assistant was not authorized to accept service of subpoena on her behalf is disingenuous.

43. The motion to quash asserts that the material sought is, in some way privileged or protected from Federal subpoena by a state statute NCGS 50-98(a). That assertion is incorrect.

44. State law is pre-empted by federal law pursuant to the Supremacy Clause of the United States Constitution. Article VI, Paragraph 2 of the U.S. Constitution, the Supremacy Clause, establishes that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions. It prohibits states from interfering with the federal government's exercise of its constitutional powers, and from assuming any functions that are exclusively entrusted to the federal government.

45. Federal law thus controls and any alleged privilege under state law, even if valid, would be mooted.

46. Arguendo, even if state law did control, state law as properly applied requires movant to provide the documents sought to plaintiff Patrick Campbell.

47. State statutes, NCGS 50-92 et sec. requires a parenting coordinator to comply with his/her duties under their appointment order.

48. Per movant's appointment order movant's [42-1], "5. The Parenting Coordinator shall … provide the parties copies of all other written communication"

49. The privilege movant alleges arose from a modification to the statute that became law in October 2019 five months after Movant's appointment. That modification to the statute was not retroactive in its prospect. The modification continued to require a parenting coordinator's to comply with the authority and duties set forth in her appointment. Movant's appointment order was never amended to reflect the new statute. Movant is thus required to comply with her duties as set forth in her appointment order, including to provide plaintiff Patrick Campbell copies of all her written communication.

50. Movant thus has no privilege under federal or state law to withhold any of the documents sought and to the contrary, her appointment order explicitly requires her to produce those documents.

51. With regard to burden, upon information and belief movant keeps her records electronically and production of the sought records should require no more than one hour.

52. To the extent movant objects based on additional time, plaintiff offered movant until June 7th, 2021 which will be 30 days from the original proposed date of production.

53. A response from movant's counsel to the meet and confer proposal was requested by end of day May 28th. No response has been received as of the time of this filing.

54. With her motion to quash, movant filed attachments [42-2] and [42-3] and subsequently redacted [42-2] as [46]. The content of these filings is impertinent to the present matter. Defendant's related filing [35-2] also is impertinent. Said filings are impertinent and moot because FRCP 17 avails the minor plaintiffs of a protected right to have their claims pursued in this matter through a guardian ad litem, regardless of any objections of a parent, or of any characterization a movant, or the family court with whom the movant deals may wish to make of that parent.

55. Those filings and the process by which they were created give the appearance of fabrication of evidence at the request of counsel for defendants, with intent to disparage plaintiff Patrick Campbell and to undermine all plaintiffs' interests in this action contrary to movant's duties. Those filings give the appearance of fruit of the poisonous tree and are thus scandalous.

56. A court may strike impertinent or scandalous material pursuant to FRCP rule 12(f).

WHEREFORE, plaintiff Patrick Campbell respectfully prays the court to accept this motion as an affidavit, to deny movant's motion to quash, to enter an order to compel movant to respond to the subpoenas and to enter an order striking filings [42-2], [42-3], [47] and [35-2].

This the 1st day of June, 2021.

Patrick J. Campbell
4619 Merendino St
Raleigh NC, 27606
Tel: 312 560 4843
Email: patrickjcampbell2001@yahoo.com