**From:** Patrick Campbell [mailto:patrickjcampbell2001@yahoo.com]
**Sent:** Thursday, May 27, 2021 9:06 PM
**To:** 'Crook, JT' <jcrook@bdixon.com>
**Cc:** 'Sarah Homes' <sarahhomes@ymail.com>
**Subject:** RE: Meet and Confer 5:21-cv-61-fl

Typos corrected below

**From:** Patrick Campbell [mailto:patrickjcampbell2001@yahoo.com]
**Sent:** Thursday, May 27, 2021 5:02 PM
**To:** 'Crook, JT' <jcrook@bdixon.com>
**Cc:** 'Sarah Homes' <sarahhomes@ymail.com>
**Subject:** Meet and Confer 5:21-cv-61-fl

Dear Mr. Crook

Without waiving the foregoing objections, I am also making the following good faith efforts to meet and confer with regard to the discovery at hand before filing a discovery motion regarding the subpoenas. Please let me know your response to the following by end of day tomorrow, Friday May 28th.

**Scope**

Per Mr. Downs 5/11 affidavit of service, Ms. Frye was properly served on 5/7, not 5/10 as she alleges and she must comply with both subpoenas.

**No privilege applies**

The motion to quash asserts incorrectly that the material sought is in some way privileged or protected by a state statute NCGS 50-98(a).
As you know, state law is pre-empted by federal law in discovery matters pursuant to the Supremacy Clause of the United States Constitution.

Arguendo, even if state law did control, state law as properly applied to this case requires that Ms Frye provide the documents, rather than provide her privilege.
State statutes, NCGS 50-92(a) both old and new requires Ms. Frye to comply with her duties under her appointment order - per Movant's exhibit 42-1, "**5. The Parenting Coordinator shall ... provide the parties copies of all other written communication**"
The privilege she seeks to invoke arose from a modification to the statute that occurred **after** Ms Frye's appointment and was not retroactive. ~~To the extent state law should be~~
Ms. Frye's prior refusals to produce the requested written communications voluntarily per her appointment order is a violation of her duties under her appointment.
The discovery apparatus of a court to obtain these documents should not be necessary

Ms. Frye alleges no privilege beyond NCGS 50-98(a), which does not apply here.
Ms. Frye has no legal basis under federal or state law to withhold any of the documents and must respectfully produce them.

**Burden**

Please clarify what burden Ms. Frye alleges. Upon information and belief she keeps her records electronically and production of the sought records should require no more than one hour.

**Timing**

With regard to time, to the extent Ms. Frye requires additional time, I respectfully offer Ms Frye until June 7th, which will be 31 days from the original proposed date of production.

**Production location**

I request that Ms. Frye produce her production electronically to my email patrickjcampbell2001@yahoo.com

I hope that is sufficient to satisfy any concerns regarding production – please confer with Ms. Frye and let me know your responses by end of day tomorrow, Friday May 28th,

Regards, Patrick Campbell
+1 312 560 4843


**From:** Notice_NCED@nced.uscourts.gov [mailto:Notice_NCED@nced.uscourts.gov]
**Sent:** Thursday, May 13, 2021 3:27 PM
**To:** Notice_NCED@nced.uscourts.gov
**Subject:** Activity in Case 5:21-cv-00061-FL Campbell, et al v. Garlington et al Motion to Quash


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**EASTERN DISTRICT OF NORTH CAROLINA**

## Notice of Electronic Filing

The following transaction was entered by Crook, John on 5/13/2021 at 3:26 PM EDT and filed on 5/13/2021

**Case Name:** Campbell, et al v. Garlington et al
**Case Number:** 5:21-cv-00061-FL
**Filer:** Katherine Anne Frye
**Document Number:** 42

**Docket Text:**
**MOTION to Quash filed by Katherine Anne Frye. (Attachments: # (1) Exhibit 1-Campbell_Order Appointing Parenting Coordinator, # (2) Exhibit 2-Campbell_Order on PC Report, # (3) Exhibit 3-Campbell_Prefiling Injunction - Gatekeeper Order, # (4) Exhibit 4-Campbell_Prefiling Injunction - Gatekeeper Order, # (5) Exhibit 5-Subpoena Objections, # (6) Exhibit 6-Campbell_second subpoena-, # (7) Index of Exhibits) (Crook, John)**

**5:21-cv-00061-FL Notice has been electronically mailed to:**

John Thomas Crook    jcrook@bdixon.com

Madeleine Pfefferle    mpfefferle@ymwlaw.com, ncleveland@ymwlaw.com, tsmith@ymwlaw.com

Patrick Joseph Campbell    patrickjcampbell2001@yahoo.com

Ryan Michael Shuirman    rshuirman@ymwlaw.com, ltucker@ymwlaw.com, ncleveland@ymwlaw.com

**5:21-cv-00061-FL Notice has been delivered by other means to:**

The following document(s) are associated with this transaction: