IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-61-FL

| | |
|---|---|
| PATRICK JOSEPH CAMPBELL; C.G.C., a minor; and T.W.C., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICE GARLINGTON; NANCY BERSON, in her individual and official capacity; and MARK EVERSON, in his individual and official capacity, <br><br> Defendants. | ORDER |

This matter is before the court upon motion to remand (DE 24), motion to stay (DE 23), motion to amend complaint (DE 31), and motion to appoint guardian ad litem (DE 32) filed by pro se plaintiff Patrick Joseph Campbell ("Patrick Campbell"). Also before the court are motion to quash subpoenas (DE 42), filed by non-party Katherine Anne Frye ("Frye"), and defendants' amended motion to dismiss (DE 18). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, the court denies plaintiff Patrick Campbell's motions, grants defendants' amended motion to dismiss, and grants non-party Frye's motion to quash.

**STATEMENT OF THE CASE**

Plaintiff Patrick Campbell commenced this action on December 22, 2020, in Wake County Superior Court, asserting claims on behalf of himself and his minor children, C.G.C. and T.W.C.,

for alleged violations of the United States Constitution, under 42 U.S.C. § 1983, and the North Carolina Constitution, based upon his forced separation from C.G.C. and T.W.C. Plaintiff Patrick Campbell also brings a claim for willful and wanton acts arising from therapy services provided to C.G.C. and T.W.C., and he seeks compensatory and punitive damages, attorneys' fees and costs, and jury trial.

Defendants removed the action to this court on February 5, 2021, attaching to their notice of removal state court filings, which displayed C.G.C.'s and T.W.C.'s full names. One week later, defendants filed motion to dismiss complaint, relying upon a memorandum of law, as well as affidavits of Allyson Lawless, the associate general counsel for the University of North Carolina Health Care System ("UNCHCS"); Glenn George, chief legal officer of UNCHCS; defendant Patrice Garlington ("Garlington"), a licensed clinical social worker previously employed at UNCHCS; and defendant Nancy Berson ("Berson"), a licensed clinical social worker previously employed by the University of North Carolina School of Medicine. Several filings submitted in conjunction with defendants' motion to dismiss also displayed C.G.C.'s and T.W.C.'s full names. The clerk provisionally sealed all documents displaying the minors' full names, notifying counsel that court filings must refer to minors by their initials only. On February 15, 2021, defendants filed an amended notice of removal and the instant amended motion to dismiss, redacting C.G.C.'s and T.W.C.'s names.

On March 4, 2021, plaintiff Patrick Campbell filed the instant motion to stay briefing deadlines on defendants' amended motion to dismiss, pending decision on his forthcoming motion to remand, which he filed on March 8, 2021. In the instant motion to remand, plaintiff Patrick Campbell argues defendants' notice of removal and amended notice contain defects, relying upon a memorandum of law, his own affidavit and attachments, as well as exhibits, including 1) a

2

petition for appointment of guardian ad litem filed on February 12, 2021, in Wake County Superior Court; 2) February 21, 2021, order appointing Sarah Homes ("Homes") as guardian ad litem C.G.C. and T.W.C. in Wake County Superior Court; and 3) amended complaint also filed in Wake County Superior Court on February 12, 2021. Three days later, and before the court ruled upon the instant motion to stay, plaintiff Patrick Campbell responded in opposition to the instant amended motion to dismiss, filed the instant motion to amend complaint, and moved to appoint Homes as guardian ad litem of C.G.C. and T.W.C.

On March 22, 2021, defendants responded in opposition to plaintiff Patrick Campbell's motion to remand, motion to amend complaint, motion to stay, and motion appoint guardian ad litem, relying upon: 1) a permanent custody order, entered in Wake County District Court on December 4, 2019, governing plaintiff Patrick Campbell's parental rights over C.G.C. and T.W.C.; 2) a February 15, 2021, report filed in Wake County District Court by non-party Frye, C.G.C. and T.W.C's court-appointed parenting coordinator; 3) notices of electronic filing; 4) a notice of lack of jurisdiction filed in Wake County Superior Court on February 15, 2021; 5) correspondence between plaintiff Patrick Campbell, Homes, and defendants' counsel, as well as attachments; and 6) plaintiff Patrick Campbell's March 11, 2021, filings in the instant action. That same day, defendants replied in support of their amended motion to dismiss. Plaintiff Patrick Campbell replied in support of his motion to remand, motion to amend complaint, motion to stay, and motion appoint guardian ad litem on April 8, 2021.

On May 7 and May 11, 2021, plaintiff Patrick Campbell filed notices, attaching subpoenas to be served upon non-party Frye, which commanded production of all of non-party Frye's correspondence with: 1) defendants' counsel; 2) any employee of Wake County Courts, North Carolina Courts, and the law firm representing defendants; 3) Virginia Campbell, C.G.C. and

T.W.C.'s mother and plaintiff Patrick Campbell's former spouse, as well as her attorneys; and 4) the University of North Carolina.

On May 13, 2021, non-party Frye filed the instant motion to quash the subpoenas, relying upon a memorandum of law and exhibits, including: 1) May 16, 2019, order entered in Wake County District Court, appointing non-party Frye as parenting coordinator of C.G.C. and T.W.C.; 2) April 15, 2021, order entered in Wake County District Court, addressing plaintiff Patrick Campbell's institution of the instant action as well as related action before the North Carolina Industrial Commission; 3) April 15, 2021, prefiling injunction entered in Wake Court District Court against plaintiff Patrick Campbell; and 4) subpoenas served upon non-party Frye and her objections thereto. Plaintiff Patrick Campbell responded in opposition on June 2, 2021, relying upon email correspondence.

### STATEMENT OF FACTS

The facts alleged in plaintiff Patrick Campbell's complaint may be summarized as follows. At all times relevant herein, defendant Mark Everson ("Everson") served as Director of UNCHCS's Program on Childhood Trauma and Maltreatment. (Compl. (DE 12-1) at 2-3). In this capacity, defendant Everson supervises therapy services and establishes treatment for children who have been abused and neglected. (Id.). Defendants Berson and Garlington are licensed clinical social workers who provide therapy services to children at UNCHCS. (Id. at 2).

In or around March 2014, Wake County Human Services referred C.G.C. and T.W.C. to UNCHCS's Program on Childhood Trauma and Maltreatment, based upon allegations of abuse. (Id. at 4). Shortly thereafter, defendant Garlington began providing therapy services to C.G.C. for alleged sexual abuse, while simultaneously investigating the sexual abuse allegations. (Id.). For approximately five months, defendant Berson provided therapy services to T.W.C. (Id.).

4

While treating T.W.C. and C.G.C., defendants Berson and Garlington allegedly employed discredited therapy techniques. (Id. at 5). In addition, defendants Berson and Garlington allegedly had extensive contact with Virginia Campbell, while allegedly having minimal communication with plaintiff Patrick Campbell. (Id. at 4-5). Relatedly, defendants Berson and Garlington allegedly demonstrated bias against fathers and bias toward mothers, "turning a blind eye to their acts of neglect." (Id. at 6). Defendants Garlington and Berson also allegedly produced reports, communications, recommendations, and court testimony, containing inaccurate, misleading, and biased statements, at the request of Virginia Campbell, to support her custody interest against plaintiff Patrick Campbell. (Id. at 5).

In proceedings in Wake County Family Court, Dr. Jonathan Gould ("Dr. Gould"), an expert witness, allegedly opined that defendant Garlington inappropriately entered into a dual role as therapist and investigator, and she inappropriately treated C.G.C. for sexual abuse without a court determination of abuse. (Id. at 5-6). Plaintiff Patrick Campbell alleges that defendants Garlington's and Berson's alleged negligence and bias were well known throughout UNCHCS, and individuals at UNCHCS demonstrated negligence by failing to question defendants Garlington's and Berson's work. (Id. at 6). Due to defendants' alleged negligence, C.G.C. and T.W.C. were denied contact with plaintiff Patrick Campbell from October 2013 until December 2016. (Id. at 7).

Additional facts pertinent to the instant motions will be discussed below.

**COURT'S DISCUSSION**

A. Motion to Remand

    1. Standard of Review

5

In any case removed from state court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[R]emoval statutes must be construed narrowly, and any doubt about the propriety of removal should be resolved in favor of remanding the case to state court." Barbour v. Int'l Union, 640 F.3d 599, 615 (4th Cir. 2011) (applying rule in analyzing timeliness of removal); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

2. Analysis

Plaintiff Patrick Campbell seeks remand, on grounds that defendants' notice of removal and amended notice of removal are defective. In particular, he indicates that both notices include the C.G.C.'s and T.W.C.'s full names, in contravention of Federal Rule of Civil Procedure 5.2, and the amended notice of removal was untimely.

As relevant here, § 1447(c) authorizes remand based upon "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Although "[t]he word 'defect' is not defined in § 1447 or the associated statutes", the United States Court of Appeals for the Fourth Circuit has held that "that 'defect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453." In re Norfolk S. Ry. Co., 756 F.3d 282, 292 (4th Cir. 2014) (citations omitted). Displaying a minor's full name is not a "defect" within the meaning of § 1447(c), because it does not violate the statutory requirements for removal set forth in 28 U.S.C. §§ 1441–1453. See In re Norfolk S. Ry. Co., 756 F.3d at 292 (citations omitted). In consequence,

the inclusion of C.G.C.'s and T.W.C.'s full names in notice of removal and amended notice of removal does not provide a basis for remand.[1]

Turning to the second basis, timeliness, "[a]n untimely removal is a defect in removal procedure," providing a basis for remand under § 1447(c). Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994). Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, the parties dispute the date of service, with defendants contending they were served on January 14, 2021, and plaintiff Patrick Campbell contending defendants were served on January 12, 2021. The court need not reach this issue, however, because under either date, defendants' initial notice of removal, filed February 5, 2021, was timely.

Although defendants filed an amended notice of removal of February 12, 2021, which is more than 30 days after January 12, 2021, the earliest possible service date, the Fourth Circuit has held notices of removal may be amended after the 30-day deadline, to make "minor technical correction[s]" or to "correct allegations already present in the notice of removal." Wood v. Crane Co., 764 F.3d 316, 322-23 (4th Cir. 2014). In contrast, amendments "furnishing new allegations of a jurisdictional basis" must be made before the 30-day deadline expires. Id. at 323. Since amending a notice of removal to redact C.G.C.'s and T.W.C.'s names represents a minor technical correction, rather than a new allegation of a jurisdictional basis, such amendment does not provide a basis for remand, even if it occurred after the 30-day deadline expired.[2] Therefore, plaintiff's motion to remand is denied.

---

[1]  These filings have now been sealed.

[2]  Plaintiff Patrick Campbell also argues the amended notice of removal is deficient because defendants did not attach documents that were filed in state court on February 12, 2021, after the action was removed to this court. The

7

B. Motion to Stay

In motion to stay, plaintiff Patrick Campbell requests that the court stay briefing deadlines on defendants' amended motion to dismiss, pending decision on his motion to remand. However, one week after filing motion to stay, and before the court ruled on the same, plaintiff Patrick Campbell filed a response in opposition to defendants' amended motion to dismiss, mooting the motion to stay.

Arguing the motion to stay is not moot, plaintiff Patrick Campbell requests opportunity to amend his response to defendants' motion to dismiss if the court denies motion to remand. Plaintiff Patrick Campbell has not shown good cause for amending his response. He has not identified any additional arguments that he seeks to make in an amended response, nor has he explained why he could not make such arguments in his initial response. Moreover, where defendants have already replied to plaintiff Patrick Campbell's response, amendment would prolong this litigation and result in duplicative effort. Accordingly, motion to stay is denied.

C. Amended Motion to Dismiss

1. Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts

---

documents filed in state court following removal were ineffective, because the state court no longer had jurisdiction. Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013) ("Because [28 U.S.C.] § 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected . . . that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void ab initio." (citations omitted)). Therefore, defendants had no obligation to attach those documents to their amended notice of removal, which was filed solely for the purpose of redacting minors' names.

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider " legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

2. Analysis

a. Federal Claim

Plaintiff Patrick Campbell asserts a claim under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, arising from "the effective seizure of [C.G.C.] and [T.W.C.] from [plaintiff] Patrick Campbell and the denial of [plaintiff] Patrick [Campbell]'s care, custody, and control of the children for over three years from October 2013 to December 2016." (Compl. (DE 12-1) at 8). Defendants seek dismissal of this claim on grounds that it is barred by the statute of limitations.[3]

There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. Burnett v. Grattan, 468 U.S. 42, 49 (1984). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-

---

[3] Plaintiff Patrick Campbell argues that defendants' initial motion to dismiss is "defective and scandalous" because it refers to C.G.C. and T.W.C. by their full names, and therefore, he requests that it be stricken or sealed. (Mot. (DE 30) at 5-6). He also requests that defendants' motion to dismiss be stricken because the amended notice of removal also referred to C.G.C. and T.W.C. by their full names. (Id. at 7). Where defendants' initial motion to dismiss has already been sealed and where it is superseded in substance by defendants' amended motion to dismiss, the court declines to strike defendants' initial motion to dismiss. See generally Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted) ("Rule 12(f) motions are generally viewed with disfavor.").

52(5); see Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 67 (4th Cir. 2015).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace, 549 U.S. at 388; Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See Wallace, 549 U.S. at 391. Here, plaintiff Patrick Campbell's § 1983 claim accrued in October 2013 when C.G.C. and T.W.C. were allegedly removed from plaintiff Patrick Campbell's care and custody because that is when plaintiff Patrick Campbell knew or had reason to know of the alleged injury. See, e.g., Perry v. Pamlico Cty., 88 F. Supp. 3d 518, 530 (E.D.N.C. 2015) ("Perry knew or had reason to know of her injury when DSS removed her children from her custody and care on September 28, 2009, the day the wrong giving rise to the right to bring suit was committed." (citations omitted)). Plaintiff Patrick Campbell commenced this action on December 22, 2020, approximately four years after the statute of limitations expired. Therefore, plaintiff Patrick Campbell's § 1983 claim is time-barred.[4]

Plaintiff Patrick Campbell argues that defendants' amended motion to dismiss should be denied because it was filed more than 10 days after the action was removed. As relevant here, Federal Rule of Civil Procedure 81(c)(2)(C) requires a defendant to answer or otherwise respond to the complaint . . . "7 days after the notice of removal was filed." Fed. R. Civ. P. 81(c)(2)(C). Defendants filed notice of removal on February 5, 2021, and moved to dismiss seven days later on

---

[4] In response to defendants' amended motion to dismiss, plaintiff Patrick Campbell argues his § 1983 claim is not time-barred in light of allegations in his proposed amended complaint. The court addresses this argument in conjunction with plaintiff Patrick Campbell's motion to amend complaint.

February 12, 2021. Therefore, defendants complied with Rule 81(c)(2)(C). Although defendants filed a redacted version of the motion to dismiss on February 15, 2021, they did not alter the substance of the motion or assert any new grounds for dismissal therein. Accordingly, subsequent redaction does not provide a basis to deny the amended motion to dismiss.[5]

In sum, defendants' amended motion to dismiss is granted in this part.

      b.     State Law Claims

Where jurisdiction in this matter is based upon federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367, it is appropriate to consider whether continued exercise of jurisdiction over plaintiff Patrick Campbell's state law claims is warranted. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)). "A district court may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

The court has concluded that plaintiff Patrick Campbell's § 1983 claim is time-barred. As the court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over plaintiff Patrick Campbell's remaining state law claims. Defendants' amended motion to dismiss is granted in this part.

D.     Motion to Amend Complaint

      1.     Standard of Review

---

[5]    Where the court grants defendants' amended motion to dismiss on this basis, the court does not reach additional grounds for dismissal asserted in defendants' motion.

11

A plaintiff may amend complaint one time as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a plaintiff may amend complaint only by leave of the court or by written consent of the defendant, although "[t]he court should freely give leave when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252–53 (4th Cir. 1999).

Leave to amend freely should be given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

2. Analysis

Plaintiff Patrick Campbell seeks to amend complaint to join William Roper, former chief executive officer of UNCHCS and vice chancellor for medical affairs at the University of North Carolina at Chapel Hill; Wesley Burks, current chief executive officer of UNCHCS and vice chancellor for medical affairs at the University of North Carolina at Chapel Hill; and Virginia Campbell, as defendants. He also seeks to assert a claim under 42 U.S.C. § 1983, for alleged violations of his rights under the United States Constitution; a claim for conspiracy under 42 U.S.C. § 1985; and state law claims for abuse of process, malicious prosecution, willful and wanton acts, alienation of parental affection, and alleged violations of the North Carolina Constitution.

The court addresses plaintiff Patrick Campbell's proposed federal claims and state law claims, in turn below.

      a.      Federal Claims

           i.      § 1983

As stated in more detail herein, plaintiff Patrick Campbell's § 1983 claim is time-barred. In briefing, plaintiff Patrick Campbell contends that his § 1983 claim is not time-barred in light of allegations in his proposed amended complaint. These allegations state that:

> Plaintiffs were denied protected rights by Defendants' flawed work, flawed supervision and flawed case management that led the effective seizure of CGC and TWC from Patrick Campbell and the denial of Patrick's care custody, and control of the children for over three years from October 2013 to December 2016 and that led to the subsequent reunification falling far behind the court's expected timeline.

(Prop. Am. Compl. (DE 40) at 20). Construing liberally plaintiff Patrick Campbell's proposed amended complaint, he appears to be invoking the "continuing violation" doctrine, a narrow exception to the statute of limitations. "To establish a continuing violation . . . the plaintiff must establish that the unconstitutional or illegal act was a . . . fixed and continuing practice." Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991). "[I]f the plaintiff can show that the illegal act did not occur just once, but rather 'in a series of separate acts[,] and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation.'" A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (quoting Nat'l Advert. Co., 947 F.2d at 1167).

Importantly, however, "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Nat'l Advert. Co., 947 F.2d at 1166 (quotations omitted). Thus, even assuming defendants' actions "led to the subsequent reunification falling far behind the court's expected timeline", (Prop. Am. Compl. (DE 40) at 20),

the continuing wrong doctrine cannot save plaintiff Patrick Campbell's § 1983 claim. Therefore, his motion to amend is denied in this part on futility grounds.

### ii. § 1985

In proposed amended complaint, plaintiff Patrick Campbell asserts a claim for conspiracy under 42 U.S.C. § 1985. To state a claim under 42 U.S.C. § 1985 (3), a plaintiff must plausibly allege the following:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995).

To satisfy the first element, "a claimant must show an agreement or a meeting of the minds by defendants to violate the claimant's constitutional rights." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." A Soc'y Without A Name, 655 F.3d at 346.

Here, plaintiff Patrick Campbell alleges that defendants Garlington and Berson, in their interactions with Virginia Campbell:

> engaged in conspiracy by entering into voluntary agreements to provide false and misleading testimony to withhold their files from father and to drag out reunification, by overtly acting upon those agreements with the intentional and actual result of causing unfair hearings, undue separation between Plaintiffs, delaying/undermining reunification and in doing so interfered with plaintiffs [sic] legal and U.S. and N.C. constitutionally protected civil rights to due process, equal protection, liberty in the case, custody and control of their children and their parent child relationship. By providing false and misleading information to USCIS, Defendants further interfered with the father's protected right to liberty. Upon information and belief, Defendants' conspiracy revolved at least in part by Plaintiff Patrick Campbell's gender and non-U.S. origin. Upon information and belief

14

> Defendants operate a policy of similar conspiracy against other men and other non-U.S. citizens.

(Prop. Am. Compl. (DE 40) at 29).

Plaintiff Patrick Campbell fails to state a claim for conspiracy under § 1985, where he "fails to allege with any specificity . . . the specific communications amongst the conspirators, or the manner in which any such communications were made." A Soc'y Without A Name, 655 F.3d at 347. The allegation that defendants "engaged in a conspiracy by entering in voluntary agreements" is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements", and is therefore not sufficient to state a claim. Iqbal, 556 U.S. at 677. At most, plaintiff Patrick Campbell's allegations amount to "parallel conduct and a bare assertion of a conspiracy." A Soc'y Without A Name, 655 F.3d at 347. As a result, the allegations are insufficient to support a meeting of the minds by the defendants. Plaintiff Patrick Campbell's motion to amend complaint is denied in this part on futility grounds.

    b.  State Law Claims

The court has concluded that plaintiff Patrick Campbell's § 1983 and § 1985 claims are futile. As the court still has dismissed all claims over which it has original jurisdiction, it again declines to exercise supplemental jurisdiction over plaintiff Patrick Campbell's remaining state law claims. Therefore, plaintiff Patrick Campbell's motion to amend complaint is denied in this part.

E.  Remaining Matters

  1.  Motion to Quash Subpoena

Where no claims remain for adjudication in the instant case, non-party Frye's motion to quash subpoena is granted.

  2.  Motion to Appoint Guardian Ad Litem

Plaintiff Patrick Campbell requests that the court appoint Homes as guardian ad litem for C.G.C. and T.W.C., who are minors. As an initial matter, the appointment of Homes as guardian ad litem in state court on February 12, 2021, is void. At that juncture, the instant action had been removed to this court, and the state court lacked jurisdiction. See Ackerman v. ExxonMobil Corp., 734 F.3d 237, 249 (4th Cir. 2013) ("Because § 1446(d) explicitly states that 'the State court shall proceed no further' once removal is effected . . . that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void ab initio." (citations omitted)).

Where no claims remain, and where a custody order calls into question plaintiff Patrick Campbell's authority to involve C.G.C. and T.W.C. in this lawsuit, (see Custody Order (DE 35-1)), the court declines to appoint a guardian ad litem. See Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." (emphasis added)). Accordingly, plaintiff Patrick Campbell's motion to appoint a guardian ad litem is denied.

Since "non-attorney parents generally may not litigate the claims of their minor children in federal court", Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005), C.G.C. and T.W.C. are not properly before this court. Any claims purportedly asserted on their behalf are dismissed without prejudice. Under the circumstances presented, the court exempts this case from the order of approval requirement set forth in Local Civil Rule 17.1(b).

## CONCLUSION

Based on the foregoing, plaintiff Patrick Campbell's motion to remand (DE 24), motion to stay (DE 23), motion to amend complaint (DE 31), and motion to appoint a guardian ad litem (DE 32) are DENIED. Defendants' amended motion to dismiss (DE 18) and non-party Frye's motion

to quash (DE 42) are GRANTED. Plaintiff Patrick Campbell's claims are DISMISSED WITHOUT PREJUDICE. Any claims purportedly asserted on behalf of C.G.C. and T.W.C. are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge